Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2154 | **DATE** | 4/28/2011 |
| **CASE TITLE** | Gerald Warren vs. Illinois Health and Family Services Child Support Division Passport Denial Program | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is dismissed, and Plaintiff's motion for leave to proceed *in forma pauperis* [4] is denied as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

**STATEMENT**

  This matter is before the court on Plaintiff Gerald Warren's (Warren) motion for leave to proceed *in forma pauperis*. The Seventh Circuit has repeatedly stated that "[e]nsuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007)(citations omitted)(internal quotations omitted). Warren has filed a complaint *pro se*, and thus the court construes the complaint liberally. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers"). In Warren's *pro se* complaint, he alleges that Defendant Illinois Health and Family Services Child Support Division Passport Denial Program (IDHFS Passport Denial Program) has violated his constitutional rights by refusing to release his passport until Warren pays certain past-due amounts he allegedly owes in child support. (Compl. 1). Warren also alleges that Illinois Department of Health and Family Services (IDHFS) failed to properly modify Warren's child support order when he was unemployed, that he has paid more than "$14,000 in alleged arrearages" in the past two years, and that his children are all "emancipated young adults." (Compl. 1). In addition, Warren states that he is self-employed

| STATEMENT |
|---|

and that his business requires frequent travel to China.

In filing the instant action, Warren seeks to have the court adjudicate the issue of whether Warren actually owes past-due child support. Warren has not alleged any facts indicating that the state judgment is void or that he did not have a reasonable opportunity to present his claims in state court. *See Nesses v. Shepard,* 68 F.3d 1003, 1005 (7th Cir. 1995)(stating that a plaintiff may vindicate his right "to be judged by a tribunal uncontaminated by politics"); *Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004)(indicating that the *Rooker-Feldman* doctrine does not apply if a plaintiff can "establish that [he] did not have a reasonable opportunity to raise an issue in state court"). Therefore, the court lacks subject matter jurisdiction to consider Warren's claim based on the *Rooker-Feldman* doctrine. *See, e.g.*, *Golden v. Helen Sigman & Associates, Ltd.*, 611 F.3d 356, 362 (7th Cir. 2010)(indicating that when a plaintiff's "allegations cannot be separated from [a] state court's judgment, *Rooker-Feldman* acts as a jurisdictional bar"); *see also Wright v. Tackett*, 39 F.3d 155, 157 (7th Cir. 1994)(indicating that when a plaintiff's complaint presents a constitutional claim that is "inextricably intertwined with [a] state court determination[] handed down previously," the district court must dismiss the action for lack of subject matter jurisdiction); *see also Hickey v. Duffy*, 827 F.2d 234, 238-39 (7th Cir. 1987)(stating that "[t]he 'domestic relations exception' to federal jurisdiction depends on a belief that questions of family law should be settled in state court" and that "[a]lthough the exception deals only with the diversity jurisdiction, the principles behind the exception suggest that a federal court should construe narrowly any federal question jurisdiction that it may possess").

In addition, the court notes that, even if the court had subject matter jurisdiction over the instant action, to the extent Warren is seeking monetary damages for loss of business revenue, the instant action would be barred by the Eleventh Amendment. *See Peirick v. Indiana University-Purdue University Indianapolis Athletics Dept.*, 510 F.3d 681, 695 (7th Cir. 2007)(stating that the Eleventh Amendment generally "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities"); *see also* 20 ILCS 5/5-15 (indicating that IDHFS is a department within the Illinois State government). Further, to the extent that Warren is attempting to generally challenge the constitutionality of the statute upon which the withholding of his passport is based, 42 U.S.C. § 652(k), Warren has failed to state a claim upon which relief can be granted. *See, e.g.*, *Eunique v. Powell*, 302 F.3d 971, 973-75 (7th Cir.

| STATEMENT |
|---|
| 2002)(indicating that the right to international travel is protected by the Due Process Clause of the Fifth Amendment and that 42 U.S.C. § 652(k) does not violate the Due Process Clause under either the rational basis test or the intermediate scrutiny test). Based on the above, the instant action is dismissed, and Warren's motion for leave to proceed *in forma pauperis* is denied as moot. |

11C2154 Gerald Warren vs. Illinois Health and Family Services Child Support Division Passport Denial Program

Page 3 of 3